United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America )<br>v.                                           )<br>Reginald Gibbs, Defendant         ) | Case No. 16–03616–MJ–PAW |

### **Order Granting the Government's Motion to Revoke Magistrate Judge's Order of Bond**

The Government charged Reginald Gibbs by criminal complaint with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Criminal Compl., ECF No. 1.) On December 6, 2016, Magistrate Judge Alicia Otazo-Reyes held a detention hearing and ordered that the Defendant be released on bond. (ECF No. 4.) The Government has moved to revoke bond. (ECF No. 6.) The Court held a detention hearing on December 12, 2016. For the following reasons, the Government's motion is granted.

1. **Alleged Background**

On November 30, 2016, Miami-Dade Police Department officers conducted a traffic stop of two cars that were blocking a roadway. (Criminal Compl. ¶ 6, ECF No. 1.) Gibbs was standing between the cars. As the officers approached, Gibbs grabbed his rear pocket and started to flee. (*Id.*) An officer blocked his escape, and Gibbs spontaneously stated, "I got a gun in my pocket." (*Id.*) At the scene of the incident, Gibbs again stated, "They got me with a gun." (*Id.* ¶ 7.) Gibbs then verified possession of the firearm in a post-Miranda interview. (*Id.* ¶ 7.)

The Defendant's pretrial report shows that he has a long history of violent crimes as a juvenile and an adult. In 2007, Gibbs was convicted of robbery and placed on probation. In 2008, Gibbs was convicted of resisting an officer without violence, burglary of an unoccupied dwelling, and petit theft, and again placed on probation. Finally, in 2016, he was convicted of forgery and grand theft. Gibbs consistently violated the terms of probation.

At the detention hearing before Magistrate Judge Otazo-Reyes, Gibbs presented no evidence. However, Gibbs argued that as a lifelong resident of Miami with no history of overseas travel he would not present a flight risk. Gibbs further argued the underlying crime did not involve the violent use of the gun and thus he did not present a danger to the community.

2. **Legal Standard**

Review of a magistrate judge's decision regarding detention is de novo. *United States v. King*, 849 F.2d 485, 489–91 (11th Cir. 1988); *United States v. Allen*, 891 F. Supp. 594, 597 (S.D. Fla. 1995) (Moore, J.). Under the Bail Reform Act, a judicial officer should order pretrial detention of a defendant only if the

officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government must establish that the defendant is a danger to the community by clear and convincing evidence, or that the defendant is a flight risk by a preponderance of the evidence. *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990). *See also King*, 849 F.2d at 489 n.3.

To determine whether the Court must order pretrial detention, the Court must consider:
> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or involves a . . . firearm;
> (2) The weight of the evidence against the person;
> (3) The history and characteristics of the person, . . .; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

### 3. Analysis

Considering the evidence, the pretrial services report, the transcript of the detention hearing before Magistrate Judge Otazo-Reyes, the arguments of the parties, and the legal authorities, the Court finds that Gibbs does not present a flight risk. However, the Government has supported by clear and convincing evidence that Gibbs's release would pose a danger to the community. The Court has considered Gibbs's long history of criminal activity—including felony convictions for violent crimes, the seriousness of the charges, prior violations of probation, and the Government's strong evidence in this case. There is simply no condition or combination of conditions which will reasonably assure the safety of the community as the Gibbs awaits trial. Accordingly, the Court grants the Government's motion and revokes bond. Gibbs is ordered detained until trial.

### 4. Conclusion

For the reasons stated above, the Government's Motion for Revocation of Magistrate Judge's Order of Bond (**ECF No. 6**) is **granted**.

**DONE and ORDERED** in chambers, at Miami, Florida, on December 12, 2016.

_____
Robert N. Scola, Jr.
United States District Judge